Richard B. Teitelman, Judge,
dissenting.
I respectfully dissent. The line between thought and the. crime of attempt is crossed only after one takes a “substantial step” toward the commission of the offense. Mr. Lammers admitted to homicidal thoughts, but he never engaged in conduct that, beyond a reasonable doubt, strongly corroborated a firm plan to act on those thoughts. Mr. Lammers should be receiving treatment for his mental illness rather than serving time in prison for a crime he did not commit.
Section 564.011 required the State to prove beyond a reasonable doubt that Mr. Lammers performed a “substantial step” toward committing a first-degree assault. A “substantial step” requires some act that is “strongly corroborative of the firmness óf the actor’s purpose to complete the commission of the offense.” Id. The 1973 comment to the proposed section 564.011 provides examples of actions constituting a substantial step:
(a) lying in wait, searching for or following the contemplated victim of the offense. ;
(b) enticing or seeking to enticé the'contemplated victim of the offense to go to the place contemplated for its commission.
(e)reconnoitering the place contemplated for the commission of the offense.
(d)..unlawful entry of a structure, vehicle or enclosure in which it is contemplated that the offense will be committed;
(e) possession of materials to be employed in the commission of the offense, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances.
(f) possession, collection or -fabrication of materials to be employed in the commission of the offense, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances.
(g) soliciting an agent, whether innocent or not, to engage in conduct constituting an element of the offense or an attempt to commit such offense or which would establish the agent’s complicity in its commission or attempted commission.
The foregoing list is not exhaustive, but each example shares at least two common characteristics. First, each example identifies conduct .that would most likely be undertaken only as a precursor to completing the commission of the intended criminal offense. When an individual lies in wait for the intended victim, entipes the victim to a certain place, solicits assistance to commit the crime, or gathers items specifically designed to commit the crime under circumstances that have, no lawful purpose, that individual has engaged in conduct demonstrating a firm purpose to complete the intended offense. The second common characteristic is that Mr. Lammers engaged in none of this conduct. Mr. Lammers did not .lie in wait or entice *638 a victim to a certain location. He did not reconnoiter, inspect, or unlawfully enter a location as part of a plan to bring his thoughts to fruition. He did not unlawfully possess the guns with no lawful purpose. Mr. Lammers did not collect or fabricate any other items in order to carry out a plan. Mr. Lammers did not solicit assistance to act on his thoughts. The net result is that it is difficult to conclude that Mr. Lammers’ conduct constitutes a substantial step toward completing the offense of first-degree assault.
Consistent with the statutory definition and explanatory comment, this Court’s most recent precedent indicates that' proof of a substantial step requires evidence that the defendant has engaged in conduct that is clearly and unequivocally aimed at completing the intended criminal offense. In State v. Ess, 453 S.W.3d 196, 207-08 (Mo. banc 2015), this Court unanimously reversed a conviction for attempted first-degree child molestation because there was insufficient evidence that the defendant had taken a substantial step toward completion of the offense.[1] The evidence at trial showed that the defendant entered the victim’s room,' laid behind him, and placed the victim’s hand on the defendant’s clothing' over' his genitalia. Id. at 208. The defendant told the victim to “hold it between his legs while I slept.” Id. Despite the fact the defendant had obviously taken some steps toward committing the crime of first-degree child molestation, this Court held that there was insufficient evidence of a substantial step because the “evidence was not strongly corroborative of [the defendant’s] purpose to complete the offense of first-degree child molestation, which at the-time required skin-to-skin contact by touching underneath the clothing.” Id.
Similar to Ess, the facts of this case, troubling as they are, do not establish beyond a reasonable doubt that Mr. Lam-mers had a firm purpose to actually commit a first-degree assault. Mr. Lammers thought about committing an assault, lawfully purchased two guns and then practiced using the guns. Unlike Mr. Ess, Mr. Lammers never approached any person or location with intent to do harm. While Mr. Ess took, every step necessary to be on the cusp of completing the offense, Mr. Lammers did not. If Mr. Ess’ conduct did not constitute a substantial step, then Mr. Lammers’ conduct certainly does not qualify-
The principal opinion asserts that Ess is unique and plainly distinguishable because after entering the victim’s bedroom, lying next to him, and placing the victim’s hand over his covered genitals, Mr. Ess left the room before completing the crime of first-degree c]hild molestation by engaging in skin-to-skin contact. The principal opinion asserts that, unlike this case, it is clear that there.was no evidence that Mr. Ess’ conduct constituted a substantial step toward engaging in skin-to-skin contact. I respectfully disagree with this interpretation of Ess.
The fact that Mr. Ess did not complete the offense by actually touching his victim is no defense to an attempt charge precisely because the nature of an attempt is that the intended offense was not completed. As the principal opinion notes, the substantial step analysis does not focus on what the defendant did not do, it focuses on what the defendant did and whether that conduct strongly corroborates the defendant’s purpose to commit *639 the intended offense. Although Mr. Ess undertook every single step necessary to complete the intended offense, except for the final step of engaging in skin-to-skin contact, there was insufficient evidence for a reasonable fact-finder to conclude that he took a substantial step toward actually engaging in' skin-to-skin contact and thereby completing the offense of first-degree child molestation. If the evidence in Ess is insufficient for a reasonable fact-finder to conclude that Mr. Ess’ conduct constituted a substantial step, it would seem that a reasonable fact-finder would experience even greater difficulty in finding a substantial step in this case.
The principal opinion concludes that Mr. Lammers crossed the line between thought and action because he lawfully purchased firearms and ammunition and then spent an afternoon shooting soda cans with a friend. After Mr. Lammers went target shooting, he relinquished the guns to his girlfriend’s father. If the evidence in this case constitutes an attempt, then it is also an attempt to privately entertain the idea of hitting a random person, buying a bat, swinging the bat, and then discarding the bat. The crime of attempt requires more. When the terrifying thoughts entertained by Mr. Lammers are set aside, the case against him crumbles. What remains is an expansive net of criminal liability that is not contemplated .by the language of section 564.011 or prior case law.
Mr. Lammers’ thoughts are cause for grave concern, but his conduct was not criminal. I would reverse the judgment and vacate the conviction for attempted first-degree assault.

. Judge Wilson authored a separate opinion, joined by Judge Fischer, that dissented from other aspects of Ess but concurred with the principal opinion's holding that there was insufficient evidence to support a conviction for attempted first-degree child molestation.